**UNITED STATES of America ex rel. Roy Alden MAGOON, Relator-Appellee,**

v.

**Frederick REINCKE, Warden Connecticut State Prison, Respondent-Appellant.**

**No. 465, Docket 33038.**

United States Court of Appeals Second Circuit.

Argued April 14, 1969.

Decided Sept. 8, 1969.

Irving H. Perlmutter, Ullman, Perlmutter & Ullman, New Haven, Conn., William A. Jacobs, Meriden, Conn., for relator-appellee.

Peter W. Gillies, Sp. Asst. State's Atty., for respondent-appellant.

Before WATERMAN, SMITH and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

Petitioner-appellee Roy Alden Magoon was prosecuted in the Connecticut state courts for having committed arson, was tried to a jury, and was convicted. The judgment of conviction was affirmed by the Connecticut Supreme Court on April 16, 1968, and leave to appeal to the United States Supreme Court at the expense of the state was denied on April 26, 1968. Thereafter he brought a habeas corpus petition to the United States District Court for the District of Connecticut alleging that his constitutional right to counsel was violated when certain oral incriminating statements he had made were admitted into evidence against him at the state arson trial. These statements were given to the police after petitioner's attorney had requested that the interrogation of his client cease until the attorney had arrived at the state police barracks where petitioner was being held, so as to be present if interrogation were to continue. Petitioner's trial was conducted during that troublesome period between the U. S. Supreme Court's opinions in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966); and inasmuch as neither decision is to be applied retroactively, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the governing precedent is *Escobedo*.

The majority of this court has interpreted the Escobedo decision very narrowly. E.g., United States v. Braverman, 376 F.2d 249 (2 Cir.), cert. denied, 389 U.S. 885, 88 S.Ct. 155, 19 L.Ed.2d 182 (1967); United States v. Robinson, 354 F.2d 109 (2 Cir. 1965) (*in banc*, Circuit Judges Waterman, Smith and Anderson dissenting), cert. denied, 384 U.S. 1024, 86 S.Ct. 1965, 16 L.Ed.2d 1028 (1966). Nevertheless, even under that narrow interpretation, Judge Blumenfeld of the District Court of Connecticut found merit in petitioner's claim below, sustained his petition for a writ of habeas corpus, and ordered that he be released unless within twenty days from the date of opinion and order the State of Connecticut vacated the judgment of conviction, reinstated the relator's plea of not guilty and scheduled an early retrial.

The State of Connecticut on behalf of the respondent Warden appeals the decision and order below. We agree with the approach adopted by Judge Blumenfeld and we affirm his decision and order, substantially in accord with the opinion filed below on September 19, 1968 to be reported at 304 F.Supp. 1014.

The State record and the record before Judge Blumenfeld demonstrate that incriminating statements were obtained

from appellee after the arson investigation had focussed on him and while he was in custody at police barracks. The evidence is also unimpeached that appellee was formally arrested at 9:00 p. m., kept in custody overnight, and that Major Rome, the Connecticut State Police officer who conducted the damaging interrogation of appellee, persisted in the questioning the following morning even after Rome knew the arrested accused was awaiting the arrival of his attorney, an attorney Rome had contacted for him.

Affirmed.